An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
AMEER SHAH, BAR NO. 10750.

No. 62099

**FILED**

AUG 0 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER IMPOSING RECIPROCAL DISCIPLINE*

This is a petition under SCR 114 for reciprocal discipline of attorney Ameer Shah, based on discipline imposed on him in California. Shah did not self-report his California discipline as required by SCR 114(1), and he has not responded to the petition. *See* SCR 114(3).

On March 13, 2012, the California Supreme Court imposed discipline on Shah in the form of a public reproval. Shah was also ordered to comply with the following conditions for a period of one year: comply with the California Bar Act and the California Rules of Professional Conduct; report any change in information to the California Bar and Office of Probation within 10 days of the change; schedule a meeting with a probation deputy within 30 days of the effective date of discipline and meet with the probation duty, in person or by telephone, as directed and upon request; submit written quarterly reports to the Office of Probation, with a final report due no earlier than 20 days before the last day of the condition period; answer fully, promptly, and truthfully, any inquiries of the Office of Probation relating to whether Shah is complying or has complied with the conditions; attend Ethics School within one year of the

SUPREME COURT
OF
NEVADA

(O) 1947A

14- 25241

effective date of discipline and provide proof of attendance and passage of the session-end test to the *Office of Probation*; and take and pass the Multistate Professional Responsibility Examination (MPRE) within one year of the effective date of discipline.[1]

Shah was disciplined for failing to supervise his staff member and for failing to timely render appropriate accounts to a client. In so doing, Shah was found to have violated California Rule of Professional Conduct (RPC) 3-110(A), equivalent to Nevada RPC 1.1 (competence)[2]; and California RPC 4-100(B)(3), equivalent to Nevada RPC 1.15 (safekeeping property). No aggravating factors were considered. The mitigating circumstances considered include Shah having no prior record of discipline, acting in good faith, acknowledging his misconduct, and cooperating with the State Bar.

SCR 114(4) provides that this court shall impose identical reciprocal discipline unless the attorney demonstrates or this court finds that at least one of four factors is present: (1) the procedure in the other jurisdiction denied the attorney due process; (2) there was such an infirmity of proof of the misconduct in the other jurisdiction that this court cannot accept the other court's decision; (3) substantially different discipline is warranted in this state; or (4) the established misconduct does not constitute misconduct under the rules of this state. Discipline

---

[1]Shah was also ordered to pay the costs of the disciplinary proceedings.

[2]Although the equivalent Nevada RPC is rule 1.1, Shah's conduct would specifically violate Nevada RPC 5.3 (responsibilities regarding nonlawyer assistants).

elsewhere is res judicata, as SCR 114(5) provides that "[i]n all other respects, a final adjudication in another jurisdiction that an attorney has engaged in misconduct conclusively establishes the misconduct for the purposes of a disciplinary proceeding in this state."

We are not persuaded that any of the exceptions apply to this case. We therefore grant the petition for reciprocal discipline. Ameer Shah is hereby publicly reprimanded for his ethical violations in California. SCR 102(5). Furthermore, Shah shall copy Nevada Bar Counsel with proof of his compliance with the conditions imposed. In particular, Shah shall provide all reports submitted to the California State Bar probation unit, proof of attendance at Ethics School and passage of the session-end test, and his MPRE score. The Nevada State Bar shall comply with the requirements of SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc: Glenn M. Machado, Bar Counsel
Ameer A. Shah
Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court